UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
2018 SEP 18 AM 11: 36

| | |
|---|---|
| **LINDA BURNS** on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**MLK EXPRESS SERVICES LLC,** and **AMAZON.COM SERVICES, INC.,**<br><br>Defendants. | Case No. 2:18-cv-625-FTM-99 MRM<br><br>Judge<br><br>Magistrate Judge |

## COLLECTIVE ACTIVE COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Linda Burns ("Burns" or "Plaintiff"), by and through the undersigned attorneys, bring this Complaint against Defendants Amazon.com Services, Inc. ("Amazon") and MLK Express Services LLC ("MLK Express") (collectively, "Defendants"), upon personal knowledge of the facts pertaining to herself and on information and belief as to all other matters, on behalf of herself and all similarly situated individuals, and states as follows:

### INTRODUCTION

1. This is a collective action brought by Plaintiff on behalf of herself and all similarly situated current and former employees of Defendants to recover for Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

3. This Court has personal jurisdiction over Defendants because Defendants do business within the State of Florida.

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. Plaintiff resides in this District.

6. Plaintiff worked for Defendants in this District during the relevant time period.

## PARTIES

7. During the relevant time period, Plaintiff was a non-exempt driver employed by Defendants delivering items purchased from Amazon.com to the customers who purchased those items. Plaintiff's written consent to join this action is attached as Exhibit 1, hereto.

8. Plaintiff was hired by Defendants on or around August 3, 2017 and her employment ended on or around April 24, 2018.

9. Plaintiff worked at a facility owned and/or operated by Amazon and located at 4638 Elevation Way, Fort Myers, Florida 33905.

10. MLK Express is a Florida Limited Liability Company that operates a carrier and logistics business and, among other activities, provides trucks and/or drivers to deliver goods for its client companies' customers in Florida, including customers of Amazon in Florida.

11. Amazon is a Delaware company that is an electronic commerce and cloud computing company and one of the largest internet retailers in the world.

12. At all relevant times, Amazon has been associated with and/or related to MLK Express respect to Plaintiff and other similarly situated employees such that Amazon is a "joint employer" of Plaintiff and other similarly situated employees in that, *inter alia*:

    a. After being hired, Plaintiff and other similarly situated employees were provided training by Amazon and/or were trained on how to use Amazon-proprietary devices and software;

    b. Amazon has authority to make decisions regarding the hiring, retention, and termination of Plaintiff and similarly situated employees;

2

    c.    Each day, Plaintiff and other similarly situated employees report to warehouses operated by Amazon where vehicles are loaded with Amazon products and where they receive work instruction and direction from Amazon personnel;

    d.    Plaintiff and other similarly situated employees are required to wear Amazon-branded uniforms, including shirts bearing the Amazon logo;

    e.    At the end of the day, Plaintiff and other similarly situated employees are required to report delivery issues directly to Amazon;

    f.    On information and belief, Amazon tracks the performance of Plaintiff and other similarly situated employees; and

    g.    On information and belief, Amazon has procedures in place to evaluate and discipline Plaintiff and similarly situated employees.

## COVERAGE UNDER THE FLSA

13.    At all relevant times, Defendants were and are each an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.    At all relevant times, Defendants were and are each an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.    At all relevant times, Defendants were and are each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1).

16.    At all relevant times, Plaintiff and similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-207.

## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff brings this action on behalf of herself and other similarly situated employees who were not paid an overtime premium for all hours worked over 40 in a work week.

18. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former drivers paid by MLK Express Services LLC who delivered for Amazon in Florida at any time from three years before the filing of the complaint through the date of judgment ("FLSA Collective").**

19. Plaintiff seeks conditional and final certification of this collective action under 29 U.S.C. § 216(b).

20. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated employees.

21. There are many similarly situated current and former drivers who have been underpaid in violation of the FLSA and who would benefit from issuance of Court-supervised notice of this lawsuit and the opportunity to join the lawsuit. Thus, notice should be sent to FLSA collective action members pursuant to 29 U.S.C. § 216(b).

22. The similarly situated employees are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## FACTS

23. MLK Express operates a carrier and logistics business and, among other activities, provides vehicles and drivers to deliver goods for Amazon to Amazon customers in Florida.

24. At all relevant times, MLK Express and Amazon have been associated and/or related to one another with respect to Plaintiff and other similarly situated employees such that they are "joint employers" of Plaintiff and other similarly situated employees.

25. Plaintiff and other similarly situated employees worked for Defendants as drivers delivering items purchased from Amazon to customers who purchased the items.

26. During their employment, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

4

27. During her employment, Plaintiff routinely worked over sixty (60) hours in individual workweeks. Specifically, Plaintiff typically worked from 9:00 a.m. until 9:30 p.m., Wednesday through Sunday. She frequently worked past 9:30 p.m.

28. Defendants paid Plaintiff and other similarly situated employees a flat rate, per day. They did not pay Plaintiff and other similarly situated employees *any* overtime premium for their hours worked over 40 in individual workweeks. Sometimes Plaintiff would receive $1 per package when she was required to deliver packages to assist other drivers after completing her own route. However, this additional $1 per package did not come close to compensating her for all hours over 40 at the required overtime rate.

29. Defendants suffered or permitted Plaintiff and other similarly situated employees to work in excess of 40 hours in individual workweeks without paying them overtime at the rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

30. Defendants were aware or should have been aware of the overtime requirements of the FLSA.

31. Defendants knew, or acted with reckless disregard for whether, Plaintiff and other similarly situated employees worked in excess of 40 hours in individual workweeks without receiving overtime at the rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

## COUNT I
## FLSA – FAILURE TO PAY OVERTIME WAGES

32. Plaintiff re-allege and incorporate paragraphs 1-31 herein.

33. With limited exception not applicable here, the FLSA requires an employer to pay its non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek. 29 U.S.C. § 207.

34. By failing to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Defendants violated the FLSA.

35. Defendants did not act in good faith when they engaged in the above-mentioned conduct.

36. By engaging in the above-mentioned conduct Defendants willfully, knowingly, and/or recklessly violated the FLSA.

37. Because of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all similarly situated individuals, prays that this Honorable Court:

   a. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

   b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA collective members that this litigation is pending and that they have the right to "opt in" to this litigation;

   c. Declare that Defendants willfully violated the FLSA as set forth above;

   d. Award Plaintiff and similarly situated employees actual damages for unpaid wages;

   e. Award Plaintiff and similarly situated employees liquidated damages in an amount equal to the unpaid wages found due;

   f. Award reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

   g. Award pre- and post-judgment interest to Plaintiff on these damages; and

   h. Grant such further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: September 17, 2018

s/ *Neil L. Henrichsen*
Neil L. Henrichsen
**HENRICHSEN SIEGEL, P.L.L.C.**
Fla. Bar No.: 0111503
301 West Bay Street, 14th Floor
Jacksonville, Florida 32202
Telephone: (904) 381-8183
nhenrichsen@hslawyers.com

Laura E. Reasons*
**DiCELLO LEVITT & CASEY LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
lreasons@dlcfirm.com

Kenneth P. Abbarno*
Mark M. Abramowitz*
**DiCELLO LEVITT & CASEY LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone: (440) 953-8888
kabbarno@dlcfirm.com
mabramowitz@dlcfirm.com

*To seek admission *pro hac vice*

*Counsel for Plaintiff*

7