UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA BURNS, on behalf of herself and all
similarly situated individuals,

      Plaintiff,

v.                                    Case No.:  2:18-cv-625-FtM-32MRM

MLK EXPRESS SERVICES, LLC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Stipulation for Certification and Issuance of Notice filed on May 24, 2019.  (Doc. 19).  Also before the Court is the parties' Joint Motion for Settlement Approval and Incorporated Memorandum in Support (Doc. 20) which the parties' filed contemporaneously with their Joint Stipulation (*see* Doc. 19 at 1 n.1).  For the reasons below, the Undersigned respectfully recommends that:  (1) the parties' Joint Stipulation for Certification and Issuance of Notice (Doc. 19) be **GRANTED in part and DENIED in part**; and (2) the parties' Joint Motion for Settlement Approval and Incorporated Memorandum in Support (Doc. 20) be **DENIED without prejudice**.

## BACKGROUND

This is a putative collective action brought under Section 16(b) of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §216(b), *et seq*.  (Doc. 19 at 1).  On September 18, 2018, named Plaintiff Linda Burns filed a Complaint on behalf of herself and similarly situated individuals seeking to recover overtime pay under the FLSA against MLK Express Services,

LLC ("MLK") and Amazon.com Services, Inc.  (Doc. 1).[1]  Ms. Burns alleges she and other similarly situated employees (collectively, the "Drivers") worked for MLK delivering items purchased from Amazon to customers.  (*Id.* at 1-2).

On August 3, 2017, MLK began delivering packages to customers in the Fort Myers area. (Doc. 20 at 2).  From on or about August 3, 2017 to May 19, 2018, MLK paid the Drivers a flat daily rate.  (*Id.*).  Plaintiff alleges that she and other Drivers worked in excess of 40 hours a workweek and this daily rate did not adequately compensate the Drivers for their overtime hours worked.  (*Id.*).[2]

Specifically, the Complaint alleges MLK violated the FLSA by failing to pay Drivers one and one-half times their regular pay rate and contains one count seeking unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs. (Doc. 20 at 2).  MLK disputes these allegations and maintains it did not violate the FLSA.  (*Id.*).

Nevertheless, hoping to reach a compromise, the parties engaged in extensive informal discovery to facilitate negotiation.  (Doc. 20 at 3).  The parties agree that there is a *bona fide* dispute but after mutually evaluating the risk inherent in proceeding to trial and the cost of litigation, the parties reached a settlement.  (Doc. 20 at 3).  MLK expressly denies any wrongdoing and its "position as to the [conditional certification and notice process] is solely to

---

[1] Plaintiff originally named Amazon.com Services, Inc. ("Amazon") as a Defendant in her Complaint.  (Doc. 1 at 1).  On September 25, 2019, the Court entered an Order to Show Cause as to why Amazon should not be dismissed for failure to prosecute.  (Doc. 21).  Plaintiff did not oppose the dismissal, without prejudice, of Amazon.  (Doc. 22 at 2).  Accordingly, the Court entered an Order dismissing Amazon without prejudice on September 25, 2019.  (Doc. 23).

[2] A related collective action, *Gibbs v. MLK Express Services, LLC et al.*, Case No. 2:18-cv-00434-SPC-MRM, was initiated in this Court against:  (1) Defendants MLK Express Services, LLC; (2) Amazon logistics, Inc.; (3) Amazon.com Service, Inc.; (4) Manihong and Lila Phanouvong; (5) Amazon.com, Inc.; and (6) AG Plus Express, LLC on June 18, 2018.  (*See* Doc. 6).  No party has moved to consolidate these actions.

affect the Parties' compromise as set forth in the Parties' contemporaneously-filed Settlement

Agreement, Waiver, and Release."  (*Id.* at 3).

The parties now seek Court approval of their settlement (Doc. 20) and ask that if the

Court approves the settlement that the Court also approve the parties' Stipulation (Doc. 19) and

issue an order:

> (1) granting certification of a collective action []; (2) approving the
> form of notice to be issued to the putative collective action members,
> including the Notice and Consent, attached as Exhibits A and B to
> the Stipulation [(Docs. 19-1 & 19-2)]; (3) requiring MLK Express
> to provide Plaintiff's counsel with contact information for the
> putative opt-ins (the 'Opt-In List'); and (4) approving the Parties'
> proposed timeline and plan for notice of the proposed settlement.

(Doc. 19 at 1).

Furthermore, the parties agree as to the notice process detailed in their Joint Stipulation

for Certification.  (Doc. 19 at 3).  The process requires that MLK provide Plaintiff's Counsel

with a list of Drivers and identifying information which the parties agree will be the "Opt-In

List."  (*Id.* at 3-4).  Plaintiff's Counsel will then send to each Driver on the Opt-In List a Notice

and Consent to Join Form.  (*Id.* at 4).  The parties also agree to procedures for identifying drivers

who they cannot otherwise contact via U.S. mail.  (*Id.*).  The time period for opting in, according

to the parties' stipulation, will be forty-eight (48) days after the parties send the Notice(s).  (*Id.*).

With this background in mind, the Undersigned now turns to the appropriate legal

framework in the Eleventh Circuit for collective action certification and settlement approval in

FLSA actions.

## LEGAL STANDARD

The FLSA authorizes the use of collective actions against employers accused of violating

the FLSA.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).  The

purposes of the collective action are twofold: (1) to reduce the burden on plaintiffs by pooling their resources; and (2) to resolve efficiently common issues of fact and law that arise from the same illegal conduct. *Id.* at 1264. A collective action allows the efficient resolution of a large number of plaintiffs' claims at one time. *Id.*

An FLSA action may be maintained as follows:

> against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan*, 551 F.3d at 1258 (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007)). Further, to participate in a collective action, each individual must affirmatively opt-into the suit. *Id.* (citing *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1017 (11th Cir. 2007)).

The Eleventh Circuit has adopted a two-tiered approach to determine whether a collective action should be certified under § 216(b). *Hipp v. Liberty Nat'l. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). While not required, the approach is encouraged. *Id.* at 1219 ("The decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court."). This approach consists of the following:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court

4

"conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery. The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims.

*Id.* at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1211 (5th Cir. 1995)).

At this point in the litigation, the Court must decide whether notice should be given to potential class members. Before granting conditional certification, a court "should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). To establish that plaintiffs are similarly situated, opt-in plaintiffs need only show that their positions are similar, not identical, to the positions held by the putative class members. *Hipp*, 252 F.3d at 1217 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)).

## DISCUSSION

## I.     There Are Other Similarly Situated MLK Employees Desiring to Opt-In.

According to the parties' stipulation, the class they seek to certify conditionally will consist of:

All local delivery drivers or delivery associates who were paid by MLK Express Services, LLC and worked out of the 4642 Elevation Way, Fort Myers, Florida facility, and who were paid a purported 'day rate' from on or about August 1, 2017 [(the date when MLK

Express began operating)] through on or about May 19, 2018 [(the date when MLK Express converted to an hourly rate pay schedule)].

(Doc. 19 at 3).

"Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees." *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770-T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006) (citing *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004)).  "[T]here is no magic number requirement" a plaintiff must meet to prove that other putative class members will join or wish to join the action.  *Palma v. MetroPCS Wireless, Inc.*, No. 8:13-CV-698, 2013 WL 6597079, at *3 (M.D. Fla. Jan. 22, 2014); *see also Campbell v. Pincher's Beach Bar Grill Inc.*, No. 2:15-cv-595-FtM-99MRM, 2016 WL 3626219, at *5 (M.D. Fla. Jul. 7, 2016); *Ciani v. Talk of The Town Rests., Inc.*, No. 8:14-cv-2197-T-33AEP, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015) (finding existence of two opt-in plaintiffs, who also filed declarations describing duties, was sufficient to show others desired to join).

Here, the record reflects one other individual has filed a declaration and consent to join form representing that "[d]uring the past three years there were occasions when [she] worked over 40 hours per week for MLK Express . . . and did not receive proper compensation."  (Doc. 5-1).  While certainly not substantial, courts have granted conditional certification of FLSA collective actions with only the affidavit of the named plaintiff and one opt-in plaintiff.  *See Guerra v. Big Johnson Concrete Pumping Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006); *see also Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197, 1205 (S.D. Fla. 2019); *see also Wynder v. Applied Card Systems, Inc.*, No. 09-8004-CIV, 2009 WL 3255585, at *3 (S.D. Fla. Oct. 7, 2009).  "Even one opt-in notice can be sufficient to meet the

first requirement for conditional certification, and courts in this district have conditionally certified classes with just one." *White v. SLM Staffing, LLC*, No. 8:16-cv-2057-T-30TBM, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016); *see also Brooks v. A. Rainaldi Plumbing, Inc.*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation.").

Ms. Helm's Consent to Join Form (Doc. 5) along with Ms. Burns' Complaint combined with the parties' stipulation as to the conditional certification is, therefore, enough to meet the lenient standard of step one. Thus, the Undersigned is satisfied that there is sufficient evidence to certify conditionally the parties' stipulated collective and respectfully recommends conditional certification for settlement purposes only.

## II.     Settlement Approval Is Premature.

### A.     The Court Should Not Approve Settlement Before Notice.

As mentioned above, the parties seek conditional certification, court approval of their form of notice, and approval of their settlement all at once. (*See* Docs. 19, 20). The Undersigned does not find good cause to depart from the Eleventh Circuit's two-step process for conditional certification and notice first, followed by settlement approval.

In neither of their filings do the parties cite any case law supporting such an unconventional approach and, after careful review of relevant case law within the Middle District, the Undersigned finds that approval of a settlement before issuing notice is improper. "Preliminary approval of a FLSA settlement on behalf of a class is atypical especially before other plaintiffs have been provided an opportunity to opt-in. Although some courts may use its [sic] discretion to allow preliminary approval of settlements, the courts that do typically have

strong hesitations when doing so." *Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-cv-833-FtM-38CM, 2015 WL 179367, at *6 (M.D. Fla. Jan. 14, 2015) (denying preliminary approval of a settlement because notice had not been given to potential plaintiffs and it was unclear how many plaintiffs would join the collective action); *see Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32JRK, 2011 WL 7071062, at *3 (M.D. Fla. Dec. 29, 2011) (*report and recommendation adopted*, 2012 WL 177533 (M.D. Fla. Jan. 23, 2012)); *see also Burton v. Utility Design, Inc.*, No. 6:07-cv-1045-Orl-22KRS, 2008 WL 2856983, at *2 (M.D. Fla. Jul. 22, 2008) ("[I]t appears that the Court must make some final class certification finding before approving a collective action settlement.")

Here, the parties seem to *condition* certification and notice on *approval* of their settlement: "**Should the Court approve the proposed Settlement [(Doc. 20)],** the Parties respectfully seek the Court's approval of this Stipulation [(Doc. 19)]." (Doc. 19 at 1 (emphasis added)). This deviation from the typical two-step approach where settlement approval would precede conditional certification and notice is problematic. The Court currently has no idea how many potential opt-in plaintiffs will join the action or whether those putative plaintiffs have any objections to the settlement. Cognizant of the effort the parties have undergone to resolve this matter, the Undersigned still does not find good cause to deviate from the traditional approach established by the Eleventh Circuit in *Hipp v. Liberty Nat'l. Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001). Thus, at this time, not only would approval of settlement be premature, but it would be difficult to determine the fairness of the settlement when there is only one named Plaintiff and one opt-in plaintiff without allowing for input from other opt-in plaintiffs.

More importantly, the Undersigned believes postponing approval of the settlement until the parties notify potential opt-in plaintiffs will greatly benefit judicial economy and reduce

confusion.  Also before this Court is a substantially similar FLSA collective action which has a

nearly identical conditionally certified class.  In *Gibbs v. MLK Express Services, LLC et al*., Case

No. 2:18-cv-00434-SPC-MRM, the presiding United States District Judge conditionally certified

the class of:

> Local delivery drivers or driver associates who were paid by the
> MLK Defendants, who worked at the MLK facility in Fort Myers,
> Florida, and who were solely paid a purported 'day rate' within the
> three-year period preceding the date on which notice is issued by
> mail or email, whichever is earlier.

(*Gibbs*, No. 2:18-cv-00434-SPC-MRM (Doc. 166 at 26)).  This class is nearly identical to the

class *sub judice*.

Currently, the *Gibbs* action is awaiting court approval of proposed notice.  (*See Gibbs*

Doc. 175).  Given that the class definition in both *Gibbs* and *Burns* substantially overlap, there is

a high probability that potential opt-in plaintiffs will be confused if one notice mentions the

parties have reached a settlement while the other does not.  Accordingly, given the case law in

the Middle District of Florida and the current posture of this case, the Undersigned recommends

denying the parties' Joint Motion for Settlement Approval (Doc. 20) without prejudice and

allowing the parties to refile the same after the opt-in period expires.

**B.      The Parties Must Amend Their Proposed Notice.**

Court-authorized notice in a class action context helps to prevent misleading

communications and ensures that the notice is timely, accurate, and informative.  *Martins v.

Flower Foods, Inc.*, No. 8:16-cv-3145-MSS-JSS, 2018 WL 8576598, at *1 (M.D. Fla. Oct. 22,

2018).  "A district court has discretionary authority over the notice-giving process for FLSA

collective actions."  *Id.* (citing *Alexander v. CYDCOR, Inc.*, No. 1:11-cv-01578-SCJ, 2012 WL

1142449, at *5 (N.D. Ga. Apr. 6, 2012)).

Given that the Undersigned has found preliminary approval of the parties' settlement improper, the Undersigned also finds that if the presiding United States District Judge agrees, the parties must revise their proposed notice.  The Undersigned recognizes that the parties mention the settlement is "[s]ubject to Court approval."  (Doc. 19-1 at 4).  Even so, the Undersigned believes the notice, as it is written, is likely to confuse potential opt-in plaintiffs.  Specifically, the language on page three (3) of the notice reads:

> The Court has not formed any opinions about the merits of this case. But rather than continue to litigate this matter, Plaintiff and MLK Express have reached a Settlement.  The Settlement provides that up to the total sum of $63,000, will be paid to any Drivers who become Claimants by filing a Consent to Join Collective Action ('Consent to Join)' [sic] form.

> Plaintiff and individuals who return a valid Consent to Join form will each receive a *pro rata* share of this Settlement for their FLSA claims . . . Each individual's *pro rata* share of the Settlement is calculated based on their individual pay and time records from August 3, 2017 through May 19, 2018.

> Currently, your estimated portion of the settlement would be $**[insert amount here]** [sic].

> **<u>The Court has approved this Settlement and ordered that the Parties effectuate its terms.</u>**  Once the period of time when Drivers may join the lawsuit ends, payments will be made consistent with the terms of the Agreement.

(Doc. 19-1 at 3 (emphasis added)).  The parties should be required to delete any language from the notice that would lead a potential opt-in plaintiff to believe the Court has in fact already approved the settlement.

Additionally, the parties inform potential Claimants that if they opt into *Burns* they will "give up [their] right to sue MLK Express . . . for any and all wage and hour claims."  (Doc. 19-1 at 4).  The parties' proposed notice, however, makes no mention of the pending litigation in *Gibbs*.  Given that the classes in both collective actions substantially overlap, the Undersigned

finds a high degree of probability that potential Claimants may be confused as to their options.  It is highly likely that an individual eligible to opt into either *Burns* or *Gibbs* will simply elect to join the first action for which they receive notice.  Including language about the similar nature of *Gibbs* and its procedural posture would greatly reduce that confusion.  Accordingly, the parties should be required to revise their proposed notice consistent with this Report and Recommendation.

### CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.  The parties' Joint Stipulation for Certification and Issuance of Notice (Doc. 19) be **GRANTED in part and DENIED in part** as follows:

    a.  The Court grant conditional certification for settlement purposes only based on the following class definition:

        > All local delivery drivers or delivery associates who were paid by MLK Express Services, LLC and worked out of the 4642 Elevation Way, Fort Myers, Florida facility, and who were paid a purported 'day rate' from on or about August 1, 2017 through on or about May 19, 2018.

    b.  The parties be directed to meet and confer and submit an amended proposed notice and consent form consistent with this Report and Recommendation (or any order of the presiding District Judge approving, modifying, or rejecting this Report and Recommendation) by a date certain for the Court's further consideration and approval.

    c.  Upon the Court's approval of the final form of the Notice to Potential Claimants of Collective Action Lawsuit and Potential Settlement (Doc. 19-1) and Consent to Join Collective Action (Doc. 19-2), the Court

approve and adopt the stipulated notice process the parties outline in paragraphs five (5) through thirteen (13) of the Joint Stipulation for Certification and Issuance of Notice.  (Doc. 19 at 3-6).

d.      The Court deny the Joint Stipulation (Doc. 19) to the extent the parties seek any greater or other relief than is recommended herein.

2.      The parties' Joint Motion for Settlement Approval and Incorporated Memorandum in Support (Doc. 20) be **DENIED without prejudice**.

3.      The Court allow the parties to re-file their Joint Motion for Settlement Approval and Incorporated Memorandum in Support (Doc. 20) on a date certain after the time period for opting into this action has expired.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on January 29, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties