UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA BURNS, on behalf of herself and all
similarly situated individuals,

        Plaintiff,

vs.

        Case No. 2:18-CV-625-Ftm-32MRM

MLK EXPRESS SERVICES, LLC,

        Defendants.
_____/

## MOTION TO INTERVENE BY INTERESTED PARTY GREGORY GIBBS FOR LIMITED PURPOSE OF OBJECTING TO REPORT AND RECOMMENDATION [D.E.25]

Interested Party Gregory Gibbs ("Gibbs"), by and through undersigned counsel, hereby moves to intervene in this matter as a matter of right pursuant to Fed.R.Civ.P 24 to protect his own interests and the interests of the already conditionally certified class in *Gibbs v. MLK Express Services, LLC et al.*, Case No. 2:18-cv-00434-SPC-MRM, for the purpose of stating his objections to the Report and Recommendation (the "R&R") [D.E. 25], entered on January 29, 2020 in the above captioned matter.  Namely, Gibbs seeks to intervene so that he may object to the recommendation, which if left-undisturbed, would result in the conditional certification and notice to putative opt-ins in two virtualy identical collective actions, the first-filed *Gibbs* matter, and this second-filed case.  Rather than issue notice in separate but identical collective actions, the Court should preclude this second-filed action from proceeding as a collective action and should dismiss the collective action allegations.  In support, Mr. Gibbs respectfully states as follow:

# INTRODUCTION

Mr. Gibbs is one of the named Plaintiffs in *Gibbs v. MLK Express Services, LLC et al.*, Case No. 2:18-cv-00434-SPC-MRM, where the presiding United State District Judge previously conditionally certified a class of:

> Local delivery drivers or driver associates who were paid by the MLK Defendants, who worked at the MLK facility in Fort Myers, Florida, and who were solely paid a purported 'day rate' within the three-year period preceding the date on which notice is issued by mail or email, whichever is earlier.

*Gibbs*, No. 2:18-cv-00434-SPC-MRM (D.E. 166 at 26)(the "Gibbs Class"). As noted in the R&R, the Gibbs Class is *nearly identical* to the purported class in this action, which is currently defined as:

> All local delivery drivers or delivery associates who were paid by MLK Express Services, LLC and worked out of the 4642 Elevation Way, Fort Myers, Florida facility, and who were paid a purported 'day rate' from on or about August 1, 2017 [(the date when MLK Express began operating)] through on or about May 19, 2018 [(the date when MLK Express converted to an hourly rate pay schedule)]. (the "Burns Class").

In light of the Court's recommendation that the Court deny approval of the potential settlement in this matter, it is improper to allow a competing notice to issue in this case to members of the already conditionally certified class in *Gibbs*, No. 2:18-cv-00434-SPC-MRM. Ms. Burns is free to pursue her claims on an individual basis against MLK Express, but to allow her to purportedly represent a class of local delivery drivers that is *virtually identical* to the already conditionally certified class in the *Gibbs* case violates the first-to-file rule, frustrates the notions of judicial economy and efficiency, and will undoubtedly cause confusion and consternation among the members of the class. The Magistrate Judge noted as much by saying, "[g]iven that the class definition in both *Gibbs* and *Burns* substantially overlap, there is a high probability that potential opt-in plaintiffs will be confused if one notice mentions the parties have

reached a settlement while the other does not." D.E. 25 at pg. 9. Gibbs further argues that since the parties in the *Burns* matter conditioned their request for certification on whether or not this Court also approved the proposed settlement, it would be improper to allow conditional certification since the proposed settlement was ***not*** approved.

As such, Gibbs respectfully seeks leave to intervene in this case to object to the Report and Recommendation to the extent the Report and Recommendation seeks to allow the conditional certification of the *same* class that has previously been conditionally certified in the *Gibbs* case.

### **PROCEDURAL HISTORY AND FACTUAL SUPPORT**

On June 18, 2018, Mr. Gibbs was the first to file a Collective Action Complaint, in this court, against MLK Express, Inc. and Amazon.com Services, Inc. (and other defendants), under the Fair Labor Standards Act ("FLSA"). *See Gibbs*, No. 2:18-cv-00434-SPC-MRM [D.E. 1]. Mr. Gibbs alleged that he was paid a day rate and that the defendants failed to pay him overtime in violation of the FLSA. *See Id.* Mr. Gibbs also sought collective resolution of his claims on behalf of all similarly situated local delivery drivers. *See Id.* On September 18, 2018, three months later, Ms. Burns filed a nearly identical lawsuit, also in this court, alleging the same violations of law and pursuing the same relief against two of the same Defendants named in the *Gibbs* matter. . *See* D.E. 1. Ms. Burns also sought unpaid overtime for local delivery drivers who worked through MLK Express and Amazon.com Services, Inc.

On September 20, 2018, Mr. Gibbs moved to conditionally certify his case as a collective action under the FLSA. *See Gibbs*, No. 2:18-cv-00434-SPC-MRM [D.E. 40]. On June 27, 2019, Mr. Gibbs' motion was granted, in part, and this Court conditionally certified the Gibbs Class, and directed the parties in the *Gibbs* case to confer and submit a mutually agreed to notice to be

sent to the Gibbs Class, and if agreement could not be reached, to submit competing notices for approval. *See Gibbs*, No. 2:18-cv-00434-SPC-MRM [D.E. 166].

While the motion to conditionally certify was pending in the *Gibbs* case, the parties in the Burns case filed their Stipulated Motion for Certification and Issuance of notice [D.E. 19] as well their Joint Motion for Settlement Approval [D.E. 20]. On January 29, 2020, despite acknowledging the confusion that may ensue from allowing two notices to be sent in the two cases, the R&R was entered granting in part the Motion for Certification and Issuance of Notice for settlement purposes only and recommending denial of the Motion to Approve Settlement [D.E.20] without prejudice. [D.E.19]. The end result is that if adopted, this Court will have conditionally certified two identical classes for the same or substantially similar claims against the same defendants.

**ARGUMENT AND AUTHORITY**

I. **THE *GIBBS* CASE WAS FIRST-FILED AND FIRST TO OBTAIN CONDITIONAL CERTIFICATION OF AN IDENTICAL CLASS SUCH THAT A SUBSEQUENT CERTIFICATION IS INEFFICIENT, DUPLICATIVE, AND WOULD CONFUSE CLASS MEMBERS**

The Supreme Court has stated, "[a]s between federal district courts... the general principle [regarding proceedings concerning the same matter] is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1247 (1976). The Eleventh Circuit and most other federal circuit courts have recognized the "first-filed" rule as a method of avoiding duplicative litigation. The Fifth Circuit has made clear that the purpose of the rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *The Cadle Company v. Whataburger*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted). In the Eleventh Circuit, the "first-filed" rule was first articulated in *Merrill*

*Lynch, Pierce, Fenner and Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982): "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."  Stated similarly, under the first-to-file rule, "when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." *Johnson et. al. v. Fedex Ground Package System, Inc.,* Case. No. 5:19-cv-196-Oc-30PRL, D.E. 52 (M.D. Fla. 2019) (*citing Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998)); *accord Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). The rule is "designed to avoid concurrent litigation of the same issues, between the same parties, in more than one federal court." *Alvarez v. Gold Belt, LLC*, No. 08-cv-4871, 2009 WL 1473933, at *2 (D.N.J. May 26, 2009); *accord Lott v. Adv. Sales & Mktg. LLC*, No. 2:10-cv-00980-JEO, 2011 WL 13229682, at *2 (N.D. Ala. Jan. 26, 2011).

While the first-to-file rule has traditionally been invoked where there are separate litigations in different courts, there is no reason to limit its application to the instant matter because the *Gibbs* and *Burns* cases are pending before the same court.  Both cases involve identical defendants, both cases involve identical classes, and the Gibbs Class, which has already been conditionally certified necessarily includes Ms. Burns and the potential opt-ins into her case. *Alvarez v. Gold Belt LLC*, No. 08-cv-4871, 2011 WL 1337457, at *3 (D.N.J. Apr. 7, 2011) (holding that "[c]ertification of a separate collective action is not available" once a first-filed and duplicative collective action has been conditionally certified.)

Numerous courts have recognized that the first-to-file rule is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Ortiz v. Panera Bread Co.*, No. 1:10-cv- 1424, 2011 WL 3353432, at *2, *7 (E.D. Va. Aug. 2, 2011) (citing cases); *see also, e.g., Lott*, 2011 WL 13229682, at *4-6 (dismissing collective action claims under first-filed rule); *Alvarez v. Gold Belt LLC*, 2011 WL 1337457, at *3; *Abushalieh v. Am. Eagle Exp.*, 716 F. Supp. 2d 361, 366 (D.N.J. 2010) ("Where each set of named plaintiffs [in a FLSA collective action] intends to represent the other set, the underlying principles of the first-filed rule . . . permit this Court to defer to the court of first jurisdiction.").

The first-to-file rule applies here because this matter is duplicative of *Gibbs* since "both raise identical issues and seek identical relief on behalf of an identical group of proposed plaintiffs against an identical defendant, [MLK Express]." *See Abushalieh*, 716 F. Supp. 2d at 366. As such, the issuance of notice in the *Burns* matter would violate the first-to-file rule as it relates to the already conditionally certified Gibbs Class. *See Alvarez v. Gold Belt LLC*, 2011 WL 1337457, at *3. As such, the Court should not follow the recommendation made in the R&R to conditionally certify an identical class to the one already conditionally certified by this district's sister court in *Gibbs*. Further, it would not be improper to stay the *Burn*s matter until the *Gibbs* case reaches its ultimate resolution.

## CONCLUSION

Based on upon the foregoing, interested party Gregory Gibbs, respectfully requests that he be allowed to intervene in this matter so that he may lodge his objections to the Report and Recommendation entered on January 29, 2020 [D.E.25], based on the fact that the relief recommended in the R&R, is directly at odds with the previous certification of an identical class

of local delivery drivers who worked for the Defendant in the first filed *Gibbs* matter, and would only serve to confuse and confound the potential pool of opt-ins who will receive competing notices of the separate actions.

Dated:  February 12, 2020						Respectfully submitted,

/							*/s/ Paul M. Botros*
							Andrew R. Frisch
							Paul M. Botros
							Chanelle Ventura
							**MORGAN & MORGAN, P.A.**
							8151 Peters Road, Suite 4000
							Plantation, FL 33324
							Telephone: +1.954.Workers
							Facsimile:  +1.954.327-3013
							AFrisch@forthepeople.com
							PBotros@forthepeople.com
							CVentura@forthepeople.com

							*Attorneys for the Interested Party Gregory Gibbs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2020, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

							*/s/ Paul M. Botros*
							Paul M. Botros