**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LINDA BURNS, on behalf of herself
and all similarly situated
individuals,

        Plaintiff,

v.                         Case No:   2:18-cv-625-FtM-32MRM

MLK EXPRESS SERVICES, LLC,

        Defendant.

_____

**ORDER**[1]

     This is a putative collective action seeking unpaid overtime wages brought under the Fair Labor Standard Act. The parties seek approval of a settlement, conditional certification under 29 U.S.C. § 216(b), and approval of an opt-in/notice process. The assigned Magistrate Judge issued a Report and Recommendation on these issues (Doc. 25).

     During the objection period, a non-party, Gregory Gibbs, moved to Intervene for Limited Purpose of Objecting to the Report and Recommendation (Doc. 27) and Reply in Support (Doc. 33). Gibbs is the named Plaintiff in a conditionally certified and substantially similar (but unsettled) collective action, *Gibbs v. MLK Express Services,*

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

*LLC et al.*, Case No. 2:18-cv-434-SPC-MRM.  Gibbs seeks to intervene and argues for dismissal or a stay of this action under the first-filed rule and argues that conditional certification and notice issued in both cases to the same potential opt-in plaintiffs would be confusing.  Defendant MLK Express Services, LLC filed an Opposition (Doc. 29), arguing this is an untimely attempt by Gibbs to jockey his case for position and pick off collective action members, increasing Gibbs' opportunity for attorney's fees.  Plaintiff Linda Burns joins in MLK Express' Opposition (Doc. 30).

The Court held a hearing on March 18, 2020 to discuss these issues with the parties, in which Mr. Gibbs' counsel participated.  Judge Sheri Polster Chappell, as the judge in the first-filed case, participated as well.  The record of that hearing is incorporated by reference.  Following the hearing the Court allowed the parties to reconcile their competing lawsuits, but they could not do so.  (Doc. 36).

### I.    Background

Burns alleges that she and other similarly situated employees/drivers worked for MLK Express delivering items bought from Amazon to customers in Florida.  Burns first named Amazon as a Defendant but stipulated to dismissal of Amazon after she settled with MLK Express for back wages and liquidated damages for up to a net settlement amount of $62,000, and $31,000 in attorney's fees.  (Doc. 20-1, "Settlement Agreement, Waiver, and Release").  Burns estimates there will be 200 potential opt-in claimants, and the estimated individual settlement payments to putative claimants is set forth at Doc. 20-3, which generally amounts to a pro rata share of $50 per claimant.  One claimant – Andrea Helm – has opted into this case and seven potential claimants

are participating in *Gibbs*.   *Gibbs* has been conditionally certified and involves similarly situated employees and a class definition that encompasses the same members as *Burns*.

>  The *Gibbs* conditionally certified class consists of:
>
>  All local delivery drivers or driver associates, paid by the MLK Defendants who were solely paid a purported "day rate" within the three year period preceding June 18, 2018.
>
>  *Burns* seeks to conditionally certify the following class:
>
>  All local delivery drivers or delivery associates who were paid by MLK Express Services, LLC and worked out of the 4642 Elevation Way, Fort Myers, Florida facility, and who were paid a purported "day rate" from on or about August 1, 2017 through on or about May 19, 2018.

*Burns* never included a nationwide class.  *Gibbs* initially included a nationwide class, but Gibbs' request to conditionally certify a nationwide class was denied in June 2019. Excluding the nationwide class, the putative class members in *Gibbs* and *Burns* are essentially now the same.

## II.   Intervention

Under Fed. R. Civ. P. 24(a) a non-party may intervene as of right where he can show:

>  (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests.

*Fed. Savs. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). The Supreme Court has held that the timeliness of a motion to intervene is a threshold

factor that must be satisfied before the other factors should be considered.  *NAACP v. New York*, 413 U.S. 345, 365 (1973) ("If [a motion to intervene] is untimely, intervention must be denied.  Thus, the court where the action is pending must first be satisfied as to timeliness.").  The Court will therefore assess timeliness first.

> When assessing the timeliness of a motion brought under Rule 24(a), a district court must consider four factors, namely, (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cty.*, 720 F.3d 1511, 1516 (11th Cir. 1983).  The timeliness requirement is meant to "have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice."  *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).  The Court heard from the parties on the issue of timeliness at the hearing.

Gibbs knew about the settlement in *Burns* since at least March 2019 (*Gibbs*, Doc. 127), and Gibbs was aware of his interest in *Burns* (at least insofar as conditional certification is concerned) since at least May 2019 when the parties stipulated to conditional certification and sought settlement approval.  (Docs. 19, 20).  Yet Gibbs did not move to intervene to contest conditional certification until 8 months after the *Burns* Plaintiffs sought conditional certification, and after the Magistrate Judge issued his Report and Recommendation.  Gibbs responds that until the District Judge

denied certification of the nationwide class the two cases were so different that moving to intervene to argue the first-filed rule would have been improper.

Although in other circumstances Gibbs' delay in seeking intervention would be fatal, the Court finds that based on the unique circumstances of this FLSA case, the Motion to Intervene is not untimely.  The extent of the prejudice to the opt-in claimants if the two cases are allowed to proceed is the critical factor here.  Any duplicative collective action invites dispute over coordinating conditional certification and notice in each case.  We already see that notice has not been approved in either case because of the inability to fashion a notice that could adequately explain claimants' options without causing confusion.  This is one of those cases in which the intervention rule should be flexible "toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Chiles,* 865 F.2d at 1213.

As to the remaining factors for intervention, the *Gibbs* Plaintiffs have an interest relating to the subject matter of this suit as they are seeking certification of the same class that the *Burns* Plaintiffs seek in order to recover lost wages.  Further, disposition of this action may, as a practical matter, impair or impede the *Gibbs* Plaintiffs' ability to protect those interests.  If the *Burns* settlement is approved and putative opt-ins join the settlement, that could have a significant influence on resolving *Gibbs*.  Finally, the current Plaintiffs may not adequately represent the *Gibbs* Plaintiffs interests.  "There is a presumption of adequate representation where an existing party seeks the same objectives as the interveners."

*Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004). The presumption is weak and can be overcome with some contrary evidence. *Id.* "Interveners need only show that the current plaintiff's representation may be inadequate, however, and the burden for making such a showing is minimal." *Id.* Here, the *Burns* Plaintiffs have settled for $62,000, and Gibbs' counsel informed the Court at the hearing that settlement discussions in that case have been unsuccessful. Thus, there is a divergence of interest and objectives between the two cases.

The Court finds that *Gibbs* satisfies the requirements for intervention as of right. But even if the Court were inclined to deny intervention, the Court would still need to address whether the first-filed rule applies because of the overwhelming overlap between the two cases and the efficiencies to be gained by applying the rule.

## III.   First-Filed Rule

According to the first-filed rule, when parties file parallel suits in separate courts, "the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). When cases in two federal courts have "overlapping issues and parties," the first-filed rule offers "a strong presumption" the proper forum to resolve the dispute is the first case. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

Typically, the first-filed rule applies to cases pending in different districts. *See Collegiate Licensing*, 713 F.3d at 78. Yet this rule has been applied to intra-district cases or those before the same judge. *Figueroa v. The Hertz Corp.*, 2:19-cv-326-FtM-38NPM (Doc. 50), *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d

1317, 1326 (S.D. Fla. 2012); *Hartford Steam Boiler Inspection and Ins. v. Menada, Inc.*, No. 1:17-cv-21465, 2017 WL 5891458, at *5-6 (S.D. Fla. Aug. 2, 2017); *Burns v. Cty. of Nassau*, 337 F. Supp. 3d 210, 213-14 (E.D.N.Y. 2018).

The first-filed rule analysis considers three factors:  "(1) the chronology of the two actions; (2) identity of the parties[;] and (3) the similarity of the issues." *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2018 WL 2426644, at *1 (M.D. Fla. May 30, 2018).  Importantly, "the parties and issues need not be identical" to substantially overlap. *Goldsby v. Ash*, No. 2:09-cv-975-TFM, 2010 WL 1658703, at *2 (M.D. Ala. Apr. 22, 2010) (collecting cases).  Once a party shows that the two cases substantially overlap, the Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135.

**(1) Chronology of the Two Actions**:  There is no dispute that the first factor is satisfied. *Gibbs* was first filed on June 18, 2018. *Burns* was filed three months later.

**(2) Identity of the Parties**:  As the classes are currently constituted, the collective Plaintiffs are substantially identical in *Gibbs* and *Burns*.  Yet Burns disputes that Gibbs meets the second factor because Defendants are not substantially the same.  In *Burns*, the only remaining Defendant is MLK Express.  In *Gibbs*, there are six additional defendants, which include three subsidiaries of Amazon, the Phanouvongs (owners and operators of MLK Express), and a subsidiary of MLK

7

Express (AG Plus).  But the six additional defendants do not defeat applying the first-filed rule.  The Phanouvongs and AG Plus are essentially the same as MLK Express.  Gibbs alleges that they acted in all respects as agents of the other and carried out a joint scheme.  Although the nationwide class was denied in *Gibbs*, the Amazon Defendants remain because of joint and several liability.  Minor differences between parties are acceptable.  "A first-filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit."  *Collegiate Licensing*, 713 F.3d at 79.  *See also Williams*, 2018 WL 2426644, at *1 ("The parties and issues in the cases do not need to be identical."); *Ray v. Nationstar Mortg. LLC of Del.*, No. 2:17-cv-99-MHT-GMB, 2018 WL 1100897, at *2 (M.D. Ala. Feb. 9, 2018) ("The first-filed rule does not demand complete unity of the parties."), report and recommendation adopted, 2018 WL 1093318 (M.D. Ala. Feb. 28, 2018).

(3) **<u>Similarity of the Issues</u>**:  Burns argues that Gibbs fails to satisfy the third factor because *Burns* has settled and it would be prejudicial and inefficient to force all putative collective members to litigate their claims in the *Gibbs* lawsuit rather than permit them to decide for themselves whether to settle their claims.  Yet there is substantial overlap between the proposed classes, the crucial inquiry.  And although *Burns* settled, the Court is not bound to accept it, nor is the Court required to accept and approve a stipulated agreement on conditional certification of the *Burns* class.  *See Madison v. United Site Servs. of Fla., Inc.*, No. 6:16-cv-1991-Orl-41DCI, 2017 WL

8

11037929, at *2-3 (M.D. Fla. July 5, 2017) (rejecting a stipulation for conditional certification). This is especially true when, as here, *Gibbs* would still proceed even if *Burns* settled.

Additionally, a handful of claimants have already opted into the *Gibbs* suit and only one claimant (Helm) has opted into the *Burns* suit. Any argument it would be prejudicial or inefficient to force all putative collective members in *Burns* to litigate their case is not persuasive because Burns and Helm may proceed with or settle their claims against MLK individually here, or opt into *Gibbs*. Thus, Burns has not shown compelling circumstances to warrant an exception to the first-filed rule here.

Many courts apply the first-filed rule to FLSA collective actions. *E.g.*, *Lott v. Advantage Sales & Mktg. LLC*, No. 2:10-cv-00980-JEO, 2011 WL 13229682, at *6 (N.D. Ala. Jan. 26, 2011) (dismissing a later filed FLSA collective action); *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404-05 (E.D.N.Y. 2013) (collecting cases). As one court put it, the first-filed "rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes." *Ortiz v. Panera Bread Co.*, No. 1:10CV1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) ("[F]ederal courts consistently apply the first-to-file rule to overlapping wage and hour collective actions.") (collecting cases). That view is not universal because simultaneous collective actions are permissible under the FLSA. *Ingram v. Pfizer, Inc.*, No. 6:10-cv-459-Orl-GAP-GJK, 2010 WL 11626801, at *2 (M.D. Fla. July 19, 2010) (noting some courts refuse to apply the first-filed rule to FLSA collective actions); *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999) (The

FLSA "allows for the maintaining of a second collective action" if "it is in the interest of judicial efficiency for the Court to allow the second action."). Yet, for overlapping collective actions, the first-filed rule is a tool to use case-by-case to promote judicial economy, protect against inconsistent judgments, and avoid fragmentary determinations. *Goldsby*, 2010 WL 1658703, at *2-4.

The Court finds that the first-filed rule is appropriate here and dismissal of *Burns* is appropriate. The *Burns* and *Gibbs* cases substantially overlap and seek to certify the same class of drivers for the same FLSA violations. In such instances the Eleventh Circuit has applied a "strong presumption" for the first-filed rule. *Collegiate Licensing*, 713 F.3d at 1135. The Court is persuaded there should be only one collective action. Otherwise, the efficiencies afforded to employees by the FLSA could be lost. The Supreme Court in the context of an ADEA case that incorporates the provisions of § 216(b) recognized:

> The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.
>
> These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The duplicative collective actions here invite disputes over coordinating class certification and notice in each case. It will be difficult to explain to potential opt-ins that they may join one

of two identical collective actions before the same Court, leading to confusion. Applying the first-filed rule allows the Court to manage the joining of multiple parties in a more orderly manner and achieve the efficiencies of the collective action process. While the Court understands that the *Burns* parties have settled, in the circumstances here the Court will not approve it and instead will allow the Plaintiffs' collective rights to be recognized in *Gibbs*.

"The primary purpose of the first-filed rule is to conserve judicial resources and avoid conflicting rulings." *In re Rohalmin*, 598 B.R. 900, 905 (Bankr. S.D. Fla. 2019) (alterations accepted and citation omitted). Although typically the first-filed court decides whether the second-filed suit should be dismissed, stayed, or transferred and consolidated, *Collegiate Licensing Co.*, 713 F.3d at 78 (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971))[2], in this circumstance the first-filed District Judge Sheri Polster Chappell participated in the hearing and joins in the Order entered here.

Accordingly, it is hereby

**ORDERED:**

1.     The Motion to Intervene by Interested Party Gregory Gibbs for Limited Purpose of Objecting to Report and Recommendation (Doc. 27) is **GRANTED**.

2.     The Collective Action Complaint (Doc. 1) is **dismissed without prejudice** under the first-filed rule.

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981).

3.     Plaintiff Linda Burns and opt-in claimant Andrea Helm must **FILE** a notice on or before **May 5, 2020**, informing the Court if they will proceed with their individual claims here or opt into *Gibbs v. MLK Express Services, LLC et al.*, Case No. 2:18-cv-434-SPC-MRM.   Then, on or before **May 28, 2020**, Burns and Helm must **FILE** an amended complaint on their individual claims here or consents to join in *Gibbs*.

4.     The Motion for Conditional Certification (Doc. 19) and Motion for Settlement Approval (Doc. 20) are **DENIED**.

5.     The Report and Recommendation of the Magistrate Judge (Doc. 25) is **MOOT**.

6.     The Clerk is **DIRECTED** to file a copy of this order in *Gibbs v. MLK Express Services, LLC et al.*, Case No. 2:18-cv-434-SPC-MRM.

**DONE AND ORDERED** in Fort Myers and Jacksonville, Florida, the 16th day of April, 2020.


**TIMOTHY J. CORRIGAN**
**United States District Judge**

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:
Honorable Mac R. McCoy
United States Magistrate Judge

Counsel of Record

12